# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**KEVIN L. COOK,**

         **Petitioner,**

v.

**UNITED STATES OF AMERICA,**

         **Respondent.**

**CASE NO. 2:11-CV-942**
**CRIM. NO. 2:08-CR-186(3)**
**JUDGE SARGUS**
**MAGISTRATE JUDGE KING**

## OPINION AND ORDER

On June 28, 2012, the Magistrate Judge recommended that this action to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 be dismissed. *Report and Recommendation,* Doc. No. 1389. Petitioner has filed objections to that recommendation. *Objection,* Doc. No. 1391. For the reasons that follow, Petitioner's objections are **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.**

Petitioner asserted a claim of ineffective assistance of counsel based on his attorney's failure to file a motion to suppress wiretap evidence be dismissed. Petitioner specifically alleges that his attorney performed in a constitutionally ineffective manner by merely adopting a motion of his co-defendant Maurice Williams and by failing to pursue a motion to suppress prior to negotiating a plea agreement on Petitioner's behalf. In his objections, Petitioner complains that the Magistrate Judge failed to address factual differences in Petitioner's case and that of his co-defendant Williams.

This Court is not persuaded by Petitioner's argument. He fails to identify, and the Court cannot discern from the record, in what respect his challenges to the wiretap evidence would have differed from that of co-defendant Williams. The government obtained authorization to obtain the wiretap recordings for both defendants through the affidavit of Special Agent Richard A. Wozniak

and this Court rejected the arguments of co-defendant Williams regarding the inadmissability of that evidence. Doc. No. 855. In any event, and as discussed by the Magistrate Judge, even without the wiretap evidence, there was substantial other evidence of Petitioner's guilt. Petitioner's counsel was nevertheless able to negotiate a plea agreement that substantially reduced Petitioner's potential prison exposure from a possible life term and dismissed numerous charges. Ultimately, Petitioner was sentenced to the minimum mandatory sentence. In short, Petitioner has failed to establish the ineffective assistance of counsel in this regard.

Petitioner also objects to the recommended dismissal of his claim of ineffective assistance of counsel based on the government's failure to seek a downward departure below the mandatory minimum term. Petitioner represents that he met with the prosecutor on numerous occasions and provided information that led to several indictments and convictions. Petitioner complains that his attorney never advised him, prior to sentencing, that the government had decided not to seek a downward departure under U.S.S.G. § 5K1.1. He contends that, because his decision to enter a guilty plea was based largely on his attorney's representation that the government would seek such a downward departure, his guilty plea was not knowing, intelligent or voluntary.

For reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's arguments in this regard are not persuasive. Petitioner's signed *Plea Agreement* and the transcript of the guilty plea hearing clearly establish that Petitioner fully understood that the decision to file a motion for downward departure rested exclusively with the government and that the exercise of the government's discretion would not provide a basis for the withdrawal of his guilty plea

2

Petitioner also objects to the Magistrate Judge's recommendation of dismissal of his claim of ineffective assistance of counsel based on his attorney's admission, at sentencing, that counsel had mis-advised Petitioner on his conviction under 18 U.S.C. § 924(c). Petitioner argues that his guilty plea on this charge was therefore not knowing, intelligent or voluntary because he did not understand the elements of the charge and because counsel and the Court failed to properly advise him of the elements of such offense. According to Petitioner, it was his understanding that the government was required to establish only that Petitioner possessed a firearm and that the firearm was located somewhere near the illegal drug transaction(s). Petitioner now complains that, during his guilty plea colloquy, the government failed to provide a sufficient factual basis for this charge.

This argument is likewise unpersuasive. Petitioner pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), not to possession of a firearm in furtherance of a drug conspiracy under 18 U.S.C. § 924(c). *See Plea Agreement; Sentencing Transcript.* The statement by defense counsel to which Petitioner refers involved Petitioner's agreement, pursuant to the terms of his guilty plea, to a two level increase in his recommended sentence under the United States Sentencing Guidelines and not to the elements of the offense charged:

> MR. MERKLE: Your Honor. . . at the time of the plea, we entered into a plea agreement where we acknowledged that there was a two-level increase for the gun possession charge or that it was, in essence, that it was related to the drug offense.

3

As I indicated in my memorandum, that's my fault, Your Honor. I misunderstood the facts in my discussions with Mr. Cook. I counseled him to agree to the plea agreement as set out. Now, I think having a full grasp of all of the circumstances surrounding his possession of the firearm, it is my belief that the facts do not support that it was in connection with the drug conspiracies.

\*\*\*

As we have laid out in the memorandum, Your Honor, the gun in question belonged to Maurice Williams, who was a co-defendant. It came into Kevin's possession when a former girlfriend of Maurice's delivered Maurice's belongings, some clothing items along with the firearm. In actuality, Kevin did not even realize that the firearm was there until some point shortly thereafter he moved his residence. And when he moved his residence and was going through the things, he discovered the gun. I don't know the exact time period in which the gun was in his possession, but it was shortly thereafter that he notified Maurice that this gun was with these possessions that had been given to him, and Maurice made arrangements with another codefendant to pick up the gun, and that's the last Kevin saw of it.

*Sentencing Transcript*, at 4-5. As noted by the Magistrate Judge and as reflected in the affidavit of

Petitioner's former defense counsel, defense counsel objected to the increase in the recommended

guideline sentence notwithstanding the specific terms of the *Plea Agreement*. Moreover, the Court

accepted defense counsel's explanation as to how Petitioner had acquired the firearm. *Sentencing*

*Transcript,* at 19. Defense counsel argued at length that Petitioner's recommended sentence should

not be increased two levels for possession of a firearm in connection with the drug offense and that

Petitioner qualified for a sentence below the ten year mandatory minimum under the "safety-valve"

provision of U.S.S.G. § 5C1.2.[1] Although the Court rejected these arguments, *id.* at 16-24, that

---

[1] U.S.S.G. § 5C1.2 provides that, if certain conditions are met, a court can impose a sentence without regard to any statutory minimum:

Limitation on Applicability of Statutory Minimum Sentences in Certain Cases

4

rejection was based, not on any erroneous or deficient advice by Petitioner's defense counsel, but

on Petitioner's leadership role in the offense. *Id.* at 6, 17.

---

(a) Except as provided in subsection (b), in the case of an offense under 21 U.S.C. § 841, § 844, § 846, § 960, or § 963, the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)-(5) set forth below:

(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines before application of subsection (b) of 4A1.3 (Departures Based on Inadequacy of Criminal History Category);

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

(b) In the case of a defendant (1) who meets the criteria set forth in subsection (a); and (2) for whom the statutorily required minimum sentence is at least five years, the offense level applicable from Chapters Two (Offense Conduct) and Three (Adjustments) shall be not less than level 17.

Pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), this Court has conducted a *de novo* review of the record. Based on that review and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's objections, Doc. No. 1391, are **OVERRULED**. The *Report and Recommendation*, Doc. No. 1389, is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED**.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT.**

EDMUND A. SARGUS, JR.
United States District Judge

8-24-2012
Date

6