**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**THOMAS L. FRANKLIN,**

           **CASE NO. 2:12-CV-211**
  **Petitioner,**       **CRIM. NO. 2:08-CR-186(14)**
           **JUDGE SARGUS**
  **v.**          **MAGISTRATE JUDGE KING**

**UNITED STATES OF AMERICA,**

  **Respondent.**

**ORDER and**
**REPORT AND RECOMMENDATION**

   Petitioner, a federal prisoner, brings this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. This matter is before the Court on the *Motion to Vacate*, Doc. No. 1375, Respondent's *Response*, Doc. No. 1392, Petitioner's *Reply*, Doc. No. 1403*,* and the exhibits of the parties. Petitioner's unopposed motion to support the *Reply* with copies of the visitor log to the Butler County Jail, Doc. No. 1409, is **GRANTED**.

**FACTS and PROCEDURAL HISTORY**

   The United States Court of Appeals for the Sixth Circuit summarized the facts and procedural history of this case as follows:

> On July 23, 2009, pursuant to a plea agreement, Franklin entered guilty pleas for violating both the drug statute and the firearm statute. R. 645, Minutes; R. 1089, Transcript. Although Franklin's plea agreement contained a provision for a potential motion for downward departure pursuant to 18 U.S.C. § 3553(e), U.S.S.G. § 5K1.1, or Rule 35 of the Federal Rules of Criminal Procedure, it emphasized that the United States Attorney retained sole discretion regarding whether such a motion would be filed. R. 623, Plea Agreement, p. 8.

At the change of plea hearing, Federal Bureau of Investigation Agent Rick Wozniak provided the following factual background:

> On August 14, 2008, a traffic stop was conducted on a vehicle occupied by Guzman Chavez. The traffic stop was conducted after Guzman Chavez was observed meeting with [Defendant] Franklin .... On September 16, 2008, search warrants were executed at two residences in Columbus, Ohio controlled by Franklin, 3626 Easton Loop West and 1417 Fahy Drive. $25,400 in cash was seized from the Fahy Drive address, as well as five firearms, scales, a money counter, cocaine tester and 41.66 grams of cocaine.... Those firearms included a HI Standard, 22 caliber revolver, serial number 676332; a 40 caliber pistol, serial number SXD62356; a Glock .45 caliber pistol, serial number BKN899; a Ruger .357 caliber revolver, serial number 152–97744; and a Davis, .38 caliber pistol, serial number D040085. In total, investigating agents have documented that Franklin conspired with ... others to distribute and possess with intent to distribute between more than 15 kilograms but less than 30 kilograms of cocaine ... and in furtherance of that drug trafficking conspiracy possessed the five firearms seized from his Fahy Drive residence.

R. 1089, 7/23/09 Change of Plea Transcript, pp. 17–19.

When the district court asked if any part of Agent Wozniak's statement was incorrect, Franklin's attorney responded: "I want to reiterate for the record that the five firearms were not possessed by Mr. Franklin. Two of the firearms—the .40 and the .45 caliber— were his guns. The others he had no claim in." *Id.* at 19. The district court then asked Franklin, "So with the exception that was just made [by your attorney], Mr. Franklin, was the statement correct?" *Id.* at 20. Franklin responded affirmatively. *Id.* The district court continued: "Are you offering to plead guilty to possession of a firearm in furtherance of a drug trafficking crime because you actually committed that offense?" *Id.* Franklin again responded affirmatively. *Id.* The district court observed that Franklin "showed some hesitation," and therefore told Franklin that "I want to be clear this is your intention." *Id.* Yet again, Franklin responded affirmatively. *Id.* at 21. The district court concluded the hearing by finding that "the plea has been made

voluntarily, with a full understanding of the nature of the charges and the consequences of the offered pleas of guilty." *Id.*

On March 10, 2010, before Franklin's sentencing hearing, this Court ruled that a mandatory consecutive sentence could not be imposed for a violation of § 924(c) where a defendant also faced a greater mandatory minimum sentence on another charge, based on our decision in *United States v. Almany*, 598 F.3d 238 (6th Cir.2010). Because the drug statute carried a ten-year mandatory minimum sentence and the firearm statute carried a five-year mandatory minimum sentence, Franklin was then facing only a mandatory minimum sentence for violating the drug statute.

The Government filed a motion for downward departure pursuant to U.S.S.G. § 5K1.1. Because the motion was not pursuant to 18 U.S.C. § 3553(e), it did not affect the ten-year mandatory minimum sentence for the drug sentence. Because, under the then-binding decision of this Court in *Almany,* the firearm statute no longer justified a mandatory minimum sentence, the United States sought a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) on that charge. R. 10001, Motion, p. 1. Franklin's resulting sentencing guideline range was 135 to 168 months, and the Government recommended a two-level downward departure that would have reduced the guideline range to 120 to 135 months. *Id*. at 5.

At Franklin's sentencing hearing on May 11, 2010, Franklin's counsel requested a continuance to become more familiar with *Almany*. Minute Entry of Sentencing Hearing, 5/11/10. During the continuance, Franklin retained new counsel, R. 1029, Substitution of Counsel, and then filed a motion to withdraw his guilty plea for violating the firearm statute on May 28, 2010. R. 1078, Motion to Withdraw Plea; R. 1336, Transcript of Defendant's Motion to Withdraw Guilty Plea, pp. 14–16.

The district court held an evidentiary hearing on Franklin's motion to withdraw his guilty plea for violating the firearm statute on August 3, 2010. R. 1173. At the hearing, Franklin claimed that, while he owned two guns, both of his firearms were kept in his bedroom, and he neither carried a gun nor used a gun in furtherance of drug activity. R. 1336, Transcript of Defendant's Motion to Withdraw Guilty Plea, pp. 17, 22–23. Franklin explained his rationale for entering a guilty plea for violating the firearm statute as follows:

> I was told by Sam Weiner [Franklin's previous attorney] that if I pled guilty to the 924(c) and the conspiracy, that the government would file a motion, a 5K1 motion, for me, and it would apply to both charges, and there would be no longer any guideline ranges. Nothing would matter. It would all be left up to the Judge.

*Id.* at 8. Franklin further stated: "the only reason I pled guilty was the 5K was supposed to be filed across the board." *Id*. at 17.

Franklin admitted, however, that a total of five guns were seized from his residence, including one on top of the refrigerator in the kitchen. *Id.* at 23–24. He also acknowledged that a sack containing 41.66 grams of cocaine was discovered in the kitchen cabinet of his home. *Id*. at 24. Franklin admitted he was aware the gun in the kitchen existed, but he attributed it to his fiancee. *Id*. Franklin pleaded ignorance regarding the cocaine. *Id*.

After Franklin's testimony, the district court noted: "I could accept the facts as the defendant sees them and still not be sure that ... would prove the factual innocence of these charges." *Id*. at 46. Accordingly, the district court directed both parties to brief "whether the facts at the colloquy sufficiently establish a 924(c) violation." *Id*. After receiving their submissions, the district court issued an order denying Franklin's motion to withdraw his guilty plea for violating the firearm statute. R. 1289, Order.

Before Franklin's final sentencing hearing on December 14, 2010, the United States Supreme Court reversed *Almany* by holding "that a defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction." *Abbott v. United States*, ––– U.S. –––, 131 S.Ct. 18, 23, 178 L.Ed.2d 348 (2010). Thus, under *Abbott,* Franklin again faced a five-year mandatory sentence for violating the firearm statute as charged in the indictment.

At sentencing, to ensure that the district court was not required to impose § 924(c)'s five-year mandatory consecutive sentence, the Government orally modified its prior substantial assistance motion so that 18 U.S.C. § 3553(e) would apply to the firearm statute count. R. 1337, Transcript, p. 6. The district court granted the Government's motion and sentenced Franklin to ten years' imprisonment for violating the drug statute, followed by a ten-month consecutive sentence for violating the firearm statute.

> Franklin then filed a timely notice of appeal. R. 1313, Notice of
> Appeal.

*United States v. Franklin*, 462 Fed. Appx. 538, unpublished, 2012 WL 447449, at *1-3 (6th Cir.

Feb. 13, 2012). On appeal, Petitioner challenged the Court's denial of his motion to withdraw

his guilty plea on the charge of possession of a firearm in furtherance of a drug trafficking crime.

*See id.* at *3. On February 13, 2012, the United States Court of Appeals for the Sixth Circuit

affirmed the District Court's judgment. *Id.*

In his *pro se Motion to Vacate*, Petitioner challenges his conviction on Count 107 of the

*Superseding Indictment*, *i.e.,* possession of a firearm in furtherance of a drug trafficking crime in

violation of 18 U.S.C. § 924(c)(1)(A)(i). He also argues that he is entitled to a reduction in the

mandatory minimum sentence imposed on Count 2 of the *Superseding Indictment*, *i.e.,*

conspiracy to distribute and to possess with intent to distribute 5 kilograms or more of cocaine in

violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii)) and 846. Specifically, in claims one and three,

Petitioner alleges that there was an insufficient factual basis for his guilty plea on the charge of

possession of a firearm in furtherance of a drug trafficking crime, thus rendering his conviction

on that charge invalid. In claim two, Petitioner alleges that his guilty plea was not knowing,

intelligent or voluntary because his attorney at the time failed to advise him that he would be

ineligible for a reduction of his sentence to a term below the statutory mandatory minimum

under the "safety valve" provisions of the United States Sentencing Guidelines, U.S.S.G. §

5C1.2 and 18 U.S.C. § 3553.[1] In claim four, Petitioner alleges that he was denied the effective

---

[1] U.S.S.G. §5C1.2 of the United States Sentencing Guidelines Manual (2008 ed.), which was applied in
Petitioner's case, provides in relevant part as follows:

Except as provided in subsection (b), in the case of an offense under 21 U.S.C. §841, §844, §846, §960, or §963, the
court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum
sentence, if the court finds that the defendant meets the criteria in 18 U.S.C. §3553(f)(1)-(5) set forth below:

assistance of counsel because that attorney advised him to plead guilty to the charge of possession of a firearm in furtherance of a drug trafficking crime despite Petitioner's protestations of innocence on the charge, promised that Petitioner would receive a sentence below the mandatory minimum terms of incarceration required on both offenses of conviction, failed to advise Petitioner that the "safety valve" reduction of sentence on the drug charge to a term of imprisonment below the mandatory minimum would not apply to Petitioner, concealed facts reflecting Petitioner's innocence of the charge of possession of a firearm, and failed to file a motion to dismiss that charge based on lack of evidence.  In claim five, Petitioner alleges that, absent a conviction on the gun charge, he is entitled to a reduction of his sentence on the drug charge to a term below the statutory minimum of ten (10) years.

Respondent contends that Petitioner's claims offer no basis for federal habeas corpus relief.

---

(1)  the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines before application of subsection (b) of §4A1.3 (Departures Based on Inadequacy of Criminal History Category);

(2)  the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3)  the offense did not result in death or serious bodily injury to any person;

(4)  the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. §848; and

(5)  not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

(b) In the case of a defendant (1) who meets the criteria set forth in subsection (a); and (2) for whom the statutorily required minimum sentence is at least five years, the offense level applicable from Chapters Two (Offense Conduct) and Three (Adjustments) shall be not less than level **17**.

# CLAIM ONE

In claim one, Petitioner alleges that he is actually innocent of the charge of possessing a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c)(1)(A)(i); he specifically contends that the government offered no evidence that Petitioner actually used any firearm in furtherance of the drug conspiracy. *Petition,* PageID # 6676-79. This claim, being readily apparent from the face of the record, should have been raised on direct appeal, but was not. "[N]either habeas corpus nor its present federal counterpart § 2255 is a substitute for an appeal." *Sanders v. United States*, 373 U.S. 1, 25 (1963); s*ee also United States v. Frady*, 456 U.S. 152, 165 (1982) ("we have long and consistently affirmed that a collateral challenge may not do service for an appeal"). In order to pursue this claim in this proceeding, Petitioner must demonstrate both cause for his failure to present this claim on direct appeal as well as prejudice. *See Frady,* 456 U.S.. at 167–68. If a claim "can be fully and completely addressed on direct review based on the record . . . the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' ... or that he is 'actually innocent.' " *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal citations omitted). Petitioner has failed to meet this standard.

Notably, Petitioner raised the same argument now presented in claim one in his motion to withdraw his guilty plea. At the evidentiary hearing on that motion, Petitioner testified that he "was innocent of the charge in Count 107 because he never carried a firearm during his drug related activities[.]" *See Opinion and Order,* Doc. No. 1289, PageID # 5980. This Court rejected Petitioner's argument.

> While Defendant denied ever carrying a firearm on his person
> during his drug-related activities, he acknowledged that he owned

two of the five firearms discovered at the Fahy Drive address and testified that he kept them in his bedroom. He also acknowledged that he was aware that a firearm was kept in the kitchen on top of the refrigerator and that 41.66 grams of cocaine were found in the kitchen.

\*\*\*

Count 107 charges Defendant with possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). That section provides in part that:

> . . . any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime --
>
> (i)    be sentenced to a term of imprisonment of not less than 5 years;
>
> (ii)   if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>
> (iii)  if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A). On July 31, 2009, approximately one week after the guilty plea was entered, Defendant was interviewed by the probation officer. As reflected in the presentence investigation report, during this interview, Defendant admitted having the firearms at the Fahy Drive residence but denied possessing a firearm during his drug trafficking activities. (Presentence Investigation Report at 18, ¶ 132.) At the hearing on the motion to withdraw his guilty plea, Defendant and Foster both testified that they believed in his innocence because he had never actually carried the firearms found at the Fahy Drive residence during his drug activities. While § 924(c) criminalizes conduct beyond simply carrying a firearm in relation to a drug crime,

Defendant's statements . . . demonstrate a subjective belief on his part that he is innocent.

\*\*\*

Defendant's belief in his innocence is based on his contention that he never actually carried the firearms during his criminal activities. If it were the case that § 924(c)'s coverage were limited to carrying firearms during drug trafficking offenses, the statement of facts admitted to by Defendant would certainly be insufficient to make out a violation of that section. However, as stated above, in addition to carrying or using a firearm during a drug trafficking crime, § 924(c) also criminalizes the possession of a firearm in "furtherance" of a drug trafficking crime. In order for a firearm to "further" a drug crime, "the weapon must promote or facilitate the crime." *United States v. Mackey*, 265 F.3d 457, 461 (6th Cir. 2001). Accordingly,

> the possession of a firearm on the same premises as a drug transaction would not, without a showing of a connection between the two, sustain a 924(c) conviction. In order for the possession to be in furtherance of a drug crime, the firearm must be strategically located so that it is quickly and easily available for use.

*Id*. at 462.

The factual statement read by Special Agent Wozniak indicated that (1) Defendant controlled the Fahy Drive address; (2) a search of that residence revealed quantities of cocaine and crack, scales, and cash, in addition to the five firearms; (3) and that Defendant had used the firearms in furtherance of the drug trafficking conspiracy. During the change of plea hearing, qualifications were made as to the ownership of the five firearms. However, ownership of the firearms in question is not a prerequisite of a § 924(c) violation. Here, Defendant admitted that he controlled the residence where drugs, drug paraphernalia, and the firearms were found. Additionally, and perhaps most significantly, he admitted that the statement that he used the firearms in furtherance of his drug trafficking activities was true. The facts demonstrate that Defendant was using the firearms to protect the drugs and that the firearms were strategically positioned to be "quickly and easily available for use." *See, e.g., Mackey*, 265 F.3d 461-62 (discussing "fortress theory" of violating § 924(c)).

*Opinion and Order,* Doc. No. 1289, PageID # 5984-5986.

Additionally, the United States Court of Appeals for the Sixth Circuit affirmed this Court's decision denying Petitioner's motion to withdraw his guilty plea. *United States v. Franklin*, 2012 WL 447449. Therefore, habeas corpus claim one, in which Petitioner alleges that there was an insufficient factual basis for his guilty plea on the § 924(c)(1)(A) charge, is not properly considered again in these proceedings. See *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996); *Stephan v. United States*, 496 F.2d 527, 528–29 (6th Cir. 1974) (rejecting a defendant's attempt to relitigate issues in a habeas action that had already be litigated on direct appeal).

In any event, and for the reasons already discussed in the Court's denial of Petitioner's motion for a new trial, claim one lacks merit. Possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c) requires a "specific nexus" between the firearm and the crime charged. *United States v. Johnson*, 39 Fed. Appx. 114, unpublished, 2002WL 818229, at *6 (6th Cir. 2002). However, that nexus may be found where, for example, the weapon has been strategically located for quick and easy use. *Id*. (citing *Mackey*). In making this determination, a court considers the following factors:

> whether the firearm was loaded, (2) the type of firearm, (3) the legality of its possession, (4) the type of drug activity conducted, and (5) the time and circumstances under which the firearm was found.

*Id. (*citing *United States v. Ceballos-Torres*, 218 F.3d 409, 414-15 (5th Cir.2000)).

The statement of facts underlying the charge, which was agreed to by Petitioner at his guilty plea hearing, provides a sufficient factual basis for Petitioner's guilty plea. Petitioner's arguments to the contrary notwithstanding, the prosecution was not required to prove that Petitioner had obtained the firearms illegally, nor was the prosecution required to present witnesses who had observed Petitioner using any of the firearms during the alleged drug activity.

For all these reasons, claim one offers no basis for federal habeas corpus relief.

## CLAIMS TWO, THREE, FOUR and FIVE

In claim two, Petitioner alleges that his guilty plea was not knowing, intelligent or voluntary because, again, there was no factual basis for his guilty plea on the §924(c)(1)(A) charge. He also claims that he was denied the effective assistance of counsel in connection with his guilty plea and he was improperly induced into signing the *Plea Agreement* by his attorney. Petitioner specifically contends that his attorney should have filed a motion to dismiss the § 924(c) charge based on lack of evidence and in light of his "perfect defense" to that charge. *Petition,* PageID # 6684. Petitioner also complains that his attorney "concealed" from him the fact that his conviction on the firearm offense would preclude application of the "safety valve" provision, U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553, to reduce the mandatory minimum sentence on the drug trafficking conspiracy charge. Petitioner also complains that his attorney advised him to plead guilty to possession of a firearm in furtherance of a drug trafficking crime even though the evidence failed to support this charge and despite Petitioner's protestations of innocence. Petitioner also asserts that his counsel promised a substantial downward departure in both mandatory minimum terms of incarceration. Had his attorney properly advised him, Petitioner contends, he would not have pleaded guilty but would have instead proceeded to trial.

Respondent has provided the affidavit of Petitioner's former defense counsel, Attorney Samuel B. Weiner, in which he avers in relevant part as follows:

> [I] was retained by representatives of Thomas Franklin to represent
> Mr. Franklin on March 9, 2009. As a result of that retention,
> Affiant made several office visits with Tabitha Foster, the fiancée
> of Mr. Franklin.

Affiant further states that he visited Mr. Franklin at a remote holding facility in Butler County, Ohio, on a number of occasions.[2] During those visits, Affiant and Defendant discussed the case against him.

Affiant further states that the drug charges were significant and fairly well locked down as far as direct and circumstantial evidence applies.

Affiant further states that the gun charge in Affiant's opinion was very triable. At no time was there any guarantee of acquittal or anything of the sort.

Affiant further states that during his representation of Mr. Franklin, plea offers were discussed, as well as cooperation with the authorities. It was the feeling of the Affiant and indicated in discussions that it was up to Mr. Franklin as to whether he wanted to try the entire case based on a potential favorable outcome with regard to the 924(c) count and it was up to him. After many discussions, it was Mr. Franklin's option to both debrief with the Government and [enter] the guilty pleas to a drug count, as well as a weapons count.

Affiant further states that in accordance with the Plea Agreement, the Government filed a 5K1.1 downward departure Motion, however, it applied only to the drug charge and not the weapons charge. There was significant controversy between the Assistant United States Attorney and the Affiant with regard to the AUSA's conduct as it related to the Government's Motion for Downward Departure.

Affiant further states that in the time frame immediately surrounding the sentencing of Mr. Franklin, the Sixth Circuit decided a case with regard to the consecutive nature of a 924(c) count when there is a ten to life drug charge attached to it. The Sixth Circuit Court of Appeals had recently issued an opinion of the *United States v. Almany*, 598 FF.3d 238 (2010). Defense counsel and the AUSA were involved in the negotiations of that aspect of Mr. Franklin's case when Affiant was discharged by the [sic] Mr. Franklin and his fiancée.

---

[2]  Petitioner disputes this statement. *Answer to the Government's Response in Opposition*, Doc. No. 1403, PageID # 6828-29; *Affidavit of Thomas L. Franklin*, attached to *id.* as Exhibit 1. Petitioner specifically avers that he was housed in the Butler County Jail from March 4, 2009 to May 1, 2009, *Id.* at ¶ 2, and  that his attorney visited Petitioner on only one occasion during that time. *Appendix A*, attached to Doc. No. 1409 (copy of Butler County Jail visitation logs, March 9, 2009 through May 19, 2009). However, Petitioner also refers to telephone contact with his attorney. *See, e.g., Affidavit of Thomas L. Franklin,* ¶ 2. The Court also notes that the *Plea Agreement*, Doc. No. 623, was signed by Petitioner on July 13, 2009;  Petitioner does not address his contacts with his attorney between May 1, 2009 and that date.

Affiant further states that all of the actions of Mr. Franklin were made knowing the potential consequences of his actions. A great amount of effort, including investigation and document preparation was put into Mr. Franklin's case. He was not told anything that was not 100% true during the pendency of his case.

Affiant further states that at all times he was told he was looking at a ten to life and an additional 60 months sentence should he be convicted on both the weapons charge and the underlying substantive drug charge.

Affiant further states he was not given the opportunity to prepare the arguments based on the newly decided Sixth Circuit case that would have affected Mr. Franklin's sentence.

Affiant further states that Mr. Franklin was advised that Aiding & Abetting should be considered when attempting to determine whether or not a firearm was "used" or "carried" in furtherance of a drug trafficking crime. It was Defendant Franklin's decision, after much discussion, to enter the plea to the Weapons charge in order to avail himself for [sic] favorable consideration by the government.

Affiant indicated to Defendant that any drug offense that was committed with a firearm, rendered the Defendant ineligible for the "Safety Valve" reduction. Defendant did not have to be charged with a 924(c) count. All that was needed to be alleged and proven was that there was a firearm involved in the fact pattern.

Affiant further states that, once the *Almany* case became the law of the Sixth Circuit, Affiant did not agree to the resolution offered by the United States Attorney's Office and, as a result, the sentencing was continued for further consideration in view of the *Almany* case.

*Affidavit of Samuel B. Weiner, Esquire*, attached to *Response*, Doc. No. 1392, PageID # 6771-6774.

In his *Reply*, Petitioner offers the *Affidavit of Tabitha Kay Foster*, attached as *Exhibit 2* to *Reply*, Petitioner's fiancée, who avers that, in April 2009, she participated in a telephone conference with Petitioner and Mr. Weiner:

One of the major topics of discussion was the 924(c) charge (the firearms charge). Thomas, my sister [Sherry Evanichko] and I

were very concerned about Thomas pleading guilty to the gun charge. Thomas did not want to plead guilty to the charge and quoted a page from a book that he found on federal law. At this point during the conversation, Mr. Weiner became agitated and defensive and told Thomas that he was the attorney and that he had been an attorney for more than 30 years and that he knew what he was doing.

During this conversation, Mr. Weiner told Sherry, Thomas and myself that a motion for downward departure would be filed on all the charges and that we did not have to worry about the minimum mandatory sentence for the 924(c) charge or the other counts. . . .

\*\*\*

I attended the sentencing hearing in May 2010. The sentencing hearing was attended by Sherry, my brother-in-law, Robert Evanichko, and I as well as other family members and friends.

It was at this hearing that my family and I were completely blindsided with the news that Thomas would have to serve ten years in a federal prison. Mr. Weiner informed us, for the first time that the motion for downward departure was not filed on all counts.

At no time did I hear Mr. Weiner warn or advise Thomas that he would be getting ten years in prison. I was always under the impression that Thomas would face no more than five years, which is consistent with what his co-defendants have received. On May 10, 2010, before the sentencing hearing, I distinctly [sic] remember Sam calling me and again, urging me that both motions where [sic] filed and he would be fine.

*Id.*, PageID # 6851-6853. The *Affidavit of Sherry Louise Evanichko*, attached as Exhibit 3 to *Reply*, indicates that, during the April 2009 telephone conference with Mr. Weiner, Petitioner expressed his resistance to pleading guilty to the § 924(c) charge; Mr. Weiner assured Petitioner that a motion for a downward departure would be filed on both counts should Petitioner plead guilty and insisted that Petitioner "did not have to worry about the minimum mandatory sentence for the § 924(c) charge or the other counts." *Id.* at PageID # 6856-6859. The *Affidavit of Robert John Evanichko*, attached as Exhibit 4 to *Reply*, indicates that he and other family members attended Petitioner's May 11, 2010 sentencing hearing and that all were shocked to learn that

14

Petitioner was facing a mandatory ten year term in prison. Shortly thereafter, Tabitha Foster hired new counsel. *Id*. at PageID # 6860-6861.

The right to counsel guaranteed by the Sixth Amendment is the right to the effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). The standard for reviewing a claim of ineffective assistance of counsel is two-fold. First, a defendant must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, a defendant must show that counsel's deficient performance was sufficiently serious as to deprive the defendant of a fair trial, *i.e.,* a trial whose result is reliable. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). *See also Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. To establish prejudice, it must be shown that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Id.*, at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*, at 697. Because petitioner must satisfy both prongs of the *Strickland* test to demonstrate ineffective assistance of counsel, if the Court determines that petitioner has failed to satisfy one prong, it need not consider the other. *Id*., at 697.

As noted *supra*, Petitioner's contention that his guilty plea was not knowing, intelligent or voluntary and that there was an insufficient factual basis for his guilty plea on the § 924(c)(1)(A) charge has been rejected by the United States Court of Appeals for the Sixth Circuit:

The district court found that Franklin

> is at least partially motivated in attempting to withdraw his plea
> based on his realization that the plea agreement he had entered is
> not working in his favor, despite the fact that he indicated at the
> change of plea hearing that he understood that filing or not filing a
> downward departure motion was within the Government's sole
> discretion.

*Id*. As the district court explained, Franklin's strategic approach violates Rule
11(d)(2)(B)'s goal of "allow[ing] a hastily entered plea made with an unsure heart
and mind to be undone, not to allow a defendant to make a tactical decision to
enter a plea, wait several weeks, and then obtain a withdrawal if he believes he
made a bad choice in pleading guilty." *United States v. Ellis*, 470 F.3d 275, 280
(6th Cir. 2006) (internal quotation marks omitted).

. . . [T]he district court noted that Franklin "demonstrate[d] a subjective belief on
his part that he is innocent" because he did not carry a firearm in relation to a drug
trafficking offense. R. 1289, p. 11. The district court properly recognized,
however, that the firearm statute "criminalizes conduct beyond simply carrying a
firearm in relation to a drug crime." *Id.* Indeed, § 924(c) also criminalizes
possession of a firearm in such a way that helps "forward, ... promote [or]
advance" the underlying drug offense. *See United States v. Krouse*, 370 F.3d 965
(9th Cir. 2004), *cert. denied*, 543 U.S. 988, 125 S.Ct. 513, 160 L.Ed.2d 373
(2004); *see also, United States v. Mackey*, 265 F.3d 457, 460 (6th Cir. 2001), *cert.
denied*, 534 U.S. 1097, 122 S.Ct. 849, 151 L.Ed.2d 726 (2002). . . .

Franklin "indicated that he understood his rights and was voluntarily waiving
them. He also indicated that he understood the mandatory minimum sentence he
faced for pleading guilty ... and that it was completely within the Government's
discretion to file a motion for downward departure." *Id*. Given this record, this
Court agrees with the district court that Franklin's guilty plea was made
knowingly and voluntarily and, consequently, finds that this factor also weighs
against Franklin's motion.

. . . "Defendant is a high school graduate and attended college for two years.
While he has had some contact with the criminal justice system, the instant case is
the first time he has been a defendant in federal court." *Id*. at 12. . . . [A]t the very
least, Franklin's educational background and his criminal history suggest that he
understood the significance of filing a guilty plea, and these factors therefore
support the district court's denial of Franklin's motion to withdraw it.

In sum, this Court finds that the district court properly denied Franklin's motion to
withdraw his plea for violating the firearm statute.

*United States v. Franklin*, 2012 WL447449, at *4-6. This Court has no authority to revisit that

determination. *See Jones v. United States*, 178 F.3d 790,796 (6th Cir. 1999)(citations omitted).

Petitioner also asserts that he was denied effective assistance of counsel in connection with his guilty pleas. Criminal defendants are entitled to the constitutionally effective assistance of counsel during the plea negotiation phase. *Missouri v. Frye*, -- U.S. --, 132 S.Ct. 1399, 1407 (2012) ("In today's criminal justice system, ... the negotiation of a plea bargain, rather than the unfolding of a trial, is almost always the critical point for a defendant.") *See also Lafler v. Cooper*, --U.S. --, 132 S.Ct. 1376, 1386 (2012); *Humphress v. United States*, 398 F.3d 855, 859 (6th Cir. 2005) (citing *Hill v. Lockhart,* 474 U.S. 52, 58–59 (1985)).

> The decision to plead guilty - first, last, and always - rests with the defendant, not his lawyer. Although the attorney may provide an opinion on the strength of the government's case, the likelihood of a successful defense, and the wisdom of a chosen course of action, the ultimate decision of whether to go to trial must be made by the person who will bear the ultimate consequence of a conviction.

*Smith v. United States,* 348 F.3d at 552 (6th Cir. 2003). The United States Court of Appeals for the Sixth Circuit has described the obligations of defense counsel as it relates to advice during the plea negotiation stage:

> A criminal defendant has a right to expect at least that his attorney will review the charges with him by explaining the elements necessary for the government to secure a conviction, discuss the evidence as it bears on those elements, and explain the sentencing exposure the defendant will face as a consequence of exercising each of the options available. In a system dominated by sentencing guidelines, we do not see how sentence exposure can be fully explained without completely exploring the ranges of penalties under likely guideline scoring scenarios, given the information available to the defendant and his lawyer at the time.

*Id.* at 553 (citing *United States v. Day*, 969 F.2d 39, 43 (3rd Cir.1992)).

A defendant may challenge the entry of a plea of guilty on the basis that counsel's ineffectiveness prevented him from entering a knowing and voluntary guilty plea. *Tollett v. Henderson,* 411 U.S. 258, 267 (1973). The two-part test of counsel's effectiveness announced in

*Strickland*, 466 U.S. at 687, applies to challenges to guilty pleas based on a claim of ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Sparks v. Sowders*, 852 F.2d 882, 884 (6th Cir. 1988). In order to obtain relief on this basis, a petitioner raising such a claim must first show that counsel's advice fells outside the range of competence demanded of attorneys in criminal cases. *Hill*, 474 U.S. at 59; *Sparks*, 852 F.2d at 884.

> The second, or "prejudice" requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill*, 474 U.S. at 59; *Sparks,* 852 F.2d at 884. Petitioner has failed to meet this standard.

Petitioner specifically alleges that his guilty pleas are invalid because they were based on Mr. Weiner's assurance that "the Government was going to file a motion for Downward Departure on BOTH COUNTS!  There would be NO Mandatory Minimums*!"  Affidavit of Thomas L. Franklin*, ¶ 1 (emphasis in the original);  *Id*. at ¶¶ 10, 12.  When a petitioner challenges his guilty plea on the basis that it was induced by an unkept promise, the Court must determine whether the allegation, when viewed against the record of the plea hearing, is so palpably incredible, so patently frivolous or false, as to warrant summary dismissal. *Blackledge v. Allison*, 431 U.S. 63, 76 (1977). In applying this standard, a court will indulge a strong presumption that statements made by the parties at the plea hearing were truthful. *Id*. at 74.

Petitioner's allegation that his guilty plea was coerced because it was based on unkept and off-the-record promises likewise must fail in light of the record before this Court.  Initially, Petitioner was charged with conspiracy to distribute over five kilograms of cocaine, possession with intent to distribute five kilograms or more of cocaine on August 14, 2008, possession with

intent to distribute cocaine on September 16, 2008; possession with intent to distribute five grams or more of cocaine base on September 16, 2008, possession of a firearm in furtherance of a drug trafficking crime and three forfeiture counts. *Superseding Indictment*, Doc. No. 33. On July 13, 2009, Petitioner signed the *Plea Agreement,* Doc. No. 623, by which he agreed to plead guilty to Count 2 (conspiracy to distribute and possess with intent to distribute over five kilograms of cocaine) and to Count 107 (possession of a firearm in furtherance of a drug trafficking crime); Petitioner also agreed to the forfeiture counts. In the *Plea Agreement*, Petitioner also acknowledged that he faced a mandatory minimum term of ten years imprisonment up to life on Count 2, and a mandatory minimum term of five years on Count 107, such sentences to be served consecutively. *Id.* at ¶ 2. The government agreed to dismiss the remaining charges. The parties agreed that Petitioner's relevant conduct involved between 15 and 50 kilograms of cocaine, that there would be no adjustment for his role in the offense, that the prosecutor would recommend that Petitioner obtain a reduction in his recommended sentence for acceptance of responsibility and timely notifying the authorities of his intention to plead guilty, and that Petitioner understood that all final determinations on sentencing issues would be made by the Court. *Id.* at ¶ 8. Petitioner understood that the Court had authority to impose any sentence within the statutory maximum for his offenses of conviction. He was aware that any estimate of a probable sentence that he received – whether from his attorney or from anyone else - was only a prediction, not a promise, and was not binding. *Id.* at ¶ 9. The United States made no promise or representation regarding Petitioner's sentence, and he would not be able to withdraw his guilty pleas based on the actual sentence imposed. *Id.* The government agreed that it "may" file a motion for downward departure under 18 U.S.C. § 3553(e) and/or § 5K1.1 of the Federal Sentencing Guidelines should Petitioner provide substantial assistance in the

investigation and/or prosecution of others. *Id.* at ¶ 13. Petitioner acknowledged that no additional promises, agreements or conditions had been made to him. *Id*. at ¶ 14.

At his July 23, 2009 guilty plea hearing, Petitioner responded to the questions of the Court under penalty of perjury. *Transcript, Guilty Plea Hearing*, PageID # 3552. Petitioner, who had two years of college, denied any physical or mental illness or impairment and denied that he had recently consumed any medication, narcotic drug or alcoholic beverage. PageID # 3552. He had told his attorney, Mr. Weiner, everything he knew about the case and Mr. Weiner had advised Petitioner of the nature and meaning of the charges against him as well as any defenses that he might have to those charges. PageID # 3553. Petitioner was satisfied with Mr. Weiner's advice and handling of his case. *Id*. The Court reviewed the elements of the offenses charged and Petitioner indicated that he understood. PageID # 3553-3555. The Court also reviewed the penalties that Petitioner faced and explicitly advised Petitioner that he faced a mandatory minimum term of ten years and up to life on Count 2, and a mandatory minimum consecutive term of five years on Count 107. PageID # 3555-3556. Petitioner at all times indicated that he understood. Petitioner also agreed that "the mandatory minimums . . . , ten years with Count 2 and the five years with Count 107, . . . are not affected by the sentencing guidelines." PageID # 3557. Petitioner acknowledged that he understood that there was no guaranteed sentence. *Id*. The Court advised Petitioner of all of the rights waived by entry of his guilty plea and Petitioner indicated that he understood; Petitioner asked no questions. Petitioner agreed with the prosecutor's summary of the terms of the *Plea Agreement*. PageID # 3559-3562. Attorney Weiner clarified that five guns had been found in Petitioner's home, but that Petitioner owned only two of those guns and had no interest in the others. PageID # 3563.

The Court also reviewed with Petitioner the possible request for reduction of sentence:

COURT: In paragraph 13 [of the *Plea Agreement*] there is a provision that indicates that the government may file on your behalf a motion asking me to reduce your sentence in the event you provide what's called substantial assistance in the investigation and prosecution of others.

I have reviewed with you those mandatory minimum sentences with regard to Count 2 and Count 107. I mentioned to you that as this case now stands, those would apply. There is the possibility in paragraph 13 that the government might ask they not apply. I want to make clear, do you understand that if the government doesn't file such a motion, then I would have no authority to change those numbers? In other words, you have to convince the government that they should file a motion. Do you understand that?

DEFENDANT: Yes.

PageID # 3563-3564. Petitioner reaffirmed that the promises contained in the *Plea Agreement* were the only promises made during the course of plea negotiations. PageID # 3564. He denied being threatened or forced into entering the guilty pleas. *Id.*

After a federal agent summarized the facts of the case, PageID # 3565-3567, defense counsel again clarified that "the five firearms were not possessed by Mr. Franklin." PageID # 3567. Petitioner owned two of the firearms; the others "he had no claim in." *Id.* The prosecutor agreed that there was no evidence of Petitioner's ownership of three of the firearms, but he also noted that the weapons had been found inside Petitioner's home. "We are agreeing that two of the firearms were owned and possessed by the defendant." PageID # 3568. Petitioner confirmed that he was pleading guilty because he actually committed the offenses. *Id.*, at PageID # 3568 – 3569.

In short, the record establishes that Petitioner understood both the nature of the § 924(c) charge and the fact that he faced mandatory minimum consecutive terms of incarceration on both counts. He denied any promises other than those contained in the *Plea Agreement* and acknowledged that he understood that he could not withdraw his guilty plea regardless of the

sentence imposed.  He also acknowledged that the prosecution might (and, implicitly, might not) seek a reduction of sentence. He understood that the government had complete discretion in this regard and that any such motion would be resolved by the Court.  On this record, Petitioner's allegation that he pleaded guilty because his attorney promised him that the government would file a motion to reduce his sentence on both counts and that he would not face the applicable mandatory minimum terms of incarceration is simply unworthy of credit.

> [T]he representations of the defendant, his lawyer, and the prosecutor at [a guilty plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

*Blackledge v. Allison*, 431 U.S. at 74.  As discussed by the United States Court of Appeals for the Sixth Circuit,

> [p]lea bargaining "is an essential component of the administration of justice. Properly administered, it is to be encouraged." *Santobello v. New York,* 404 U.S. 257, 260, 92 S.Ct. 495, 497, 30 L.Ed.2d 427 (1971). It is impossible for a trial judge to properly administer a plea agreement if it consists of secret terms known only to the parties.... To allow defendant to attempt to prove by affidavit that the agreement is otherwise than it appears, unambiguously, on a thorough record would violate established contract-law standards.

*Warner v. United States,* 975 F.2d 1207, 1212 (6th Cir. 1992).  Absent extraordinary circumstances, a defendant's plea agreement consists of those terms to which he agreed and which were revealed in open court.  *Id.*

No extraordinary circumstances warranting departure from this general rule are present in this case.  The affidavits submitted by Petitioner in support of his allegation that his attorney had

promised that he would not be sentenced to the mandatory minimum terms of incarceration is belied by Petitioner's signed *Plea Agreement* and his statements, made under oath, indicating in plain terms that Petitioner understood the sentencing ramifications of his guilty pleas.

Further, although defense counsel disputes Petitioner's allegation that his counsel advised Petitioner to enter the guilty pleas, such advice would not have been unreasonable under the *Strickland* test. Pursuant to the terms of Petitioner's *Plea Agreement*, the government dismissed three charges of possession of cocaine with intent to distribute. It does not appear that the government would have been unable to prove the charges against him and Petitioner's decision to plead guilty to two charges substantially reduced his total potential prison exposure. Additionally, Petitioner obtained a two-level reduction for acceptance of responsibility and a one level reduction in his recommended sentence for timely notifying the authorities of his intention to plead guilty. *Presentence Investigation Report,* ¶¶ 149, 150. Finally, pursuant to the government's motion, Petitioner was sentenced to ten months on the firearms charge, *i.e.*, a sentence that fell well below the otherwise mandatory minimum, consecutive, term of five years.

Petitioner also alleges that he would not have entered his guilty pleas had his attorney advised him that his conviction on the firearms offense would render him ineligible for a reduction in the ten year mandatory minimum term on the drug charge under the "safety valve" provision of U.S.S.G. § 5C1.2.[3] In the case presently before the Court, the United States did in fact move for a downward departure pursuant to U.S.S.G. § 5K1.1 in recognition of Petitioner's substantial assistance. *Government's Request for a Downward Departure in Sentencing Pursuant to U.S.S.G. § 5K1.1*, Doc. No. 1001. Citing 18 U.S.C. § 3553(e), the United States initially recommended a two-level downward departure, to a sentencing range of 120 to 135 months, in connection with Count 2, the drug offense, thus leaving the ten year mandatory

---

[3] *See supra*, n. 1.

minimum sentence in place. *Id*. at PageID # 3213.[4] At Petitioner's December 14, 2010 sentencing hearing, the prosecution orally modified its position to "make the motion pursuant to 18 U.S.C. § 3553(e) with regard to Count 107 only, the firearm offense, … which would allow the Court to, if the Court saw fit, reduce the sentence to the only mandatory minimum sentence, which would be ten years on Count 2 [*i.e.*, the drug offense]." *Transcript of the Sentencing Hearing*, Doc. No. 1337, PageID # 6277. As previously noted, the Court sentenced Petitioner to 120 months – i.e., the mandatory minimum – on Count 2 and to ten (10) months on Count 107, the latter term to run consecutive to the sentence imposed in Count 2. *Judgment*, Doc. No. 1307. In his claim five, Petitioner argues that "the Court should vacate Petitioner's conviction and sentence under § 924(c), and then grant [] him a downward departure on his 120 month drug sentence." *Motion to Vacate*, PageID # 6685.

The safety valve provision of U.S.S.G § 5C1.2(a) permits a court to impose a sentence within the applicable guideline range without regard to any statutory mandatory minimum sentence, so long as the defendant satisfies the requirements set forth in that provision. *United States v. Branham*, 460 Fed. Appx. 538, unpublished, 2012 WL 573931, at **7 (6th Cir. Feb. 23, 2012). As noted *supra,* possession of a firearm in connection with a drug offense under 21 U.S.C. § 841 precludes application of the safety valve provision to reduce the sentence below the statutory minimum otherwise applicable to the drug offense. 18 U.S.C. § 3553(f)(2); U.S.S.G. § 5C1.2(a)(2).

---

[4] That recommendation was based on a guideline range of 135 to 168 months, which in turn reflected a recalculation in light of *United States v. Almany*, 598 F.3d 238 (6th Cir. 2010), which held that a mandatory consecutive sentence under 18 U.S.C. § 924(c) cannot be imposed where a defendant also faces a greater mandatory minimum sentence on another charge. *Almany* was subsequently abrogated by the United States Supreme Court. *Abbott v. United States, --* U.S. --, 131 S. Ct. 18 (2010).

Petitioner alleges that Mr. Weiner assured him that, if Petitioner entered a guilty plea to Counts 2 and 107, he would receive a "substantive downward departure on both his sentences . . . ;" however, Petitioner alleges, his former attorney did not inform him "that his guilty plea on the firearms charge would prevent Petitioner from receiving a Safety Valve sentence consideration." *Motion to Vacate*, PageID # 6683 (emphasis in the original). Petitioner's former defense counsel avers in his affidavit that he advised Petitioner that "any drug offense that was committed with a firearm" rendered Petitioner ineligible for the safety valve reduction." *Affidavit of Samuel B. Weiner, Esquire,* ¶ 12. The government's *Response* does not address this particular allegation, nor does it address the factual dispute reflected on the record in this regard.

This Court concludes that Petitioner has alleged facts which, if true, may warrant relief. Petitioner's claim in this regard does not merely challenge the scope of the government's motion for a downward departure pursuant to U.S.S.G. § 5K1.1; the *Plea Agreement* pursuant to which Petitioner entered his guilty pleas expressly left that determination to the sole discretion of the United States. Similarly, Petitioner's claim in this regard does not seek to challenge the actual sentences imposed; the *Plea Agreement* and Petitioner's guilty pleas foreclose that challenge. Rather, this claim is based on Petitioner's allegation that, had he been advised that his conviction on the gun charge in Count 107 would prevent a reduction of his sentence on the drug charge in Count 2 to a term below the ten-year mandatory minimum, he would not have entered those guilty pleas. Because this claim has not been previously resolved by the Court of Appeals and because the record reflects a dispute of material fact, the Court concludes that an evidentiary hearing is necessary to resolve this claim. *See Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999).

**WHEREUPON**, the Magistrate Judge **RECOMMENDS** dismissal of all of Petitioner's claims with the exception of his claim of ineffective assistance of counsel based on his attorney's alleged failure to advise him that, should he plead guilty to the gun charge in Count 107, he would be ineligible for a "safety valve" reduction of his sentence on the drug charge in Count 2 to less than the mandatory minimum.

The Magistrate Judge's further **RECOMMENDS** that Petitioner's request for an evidentiary hearing be **GRANTED** on this claim and that counsel be appointed on Petitioner's behalf to represent him at the evidentiary hearing.

## PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision

of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

    *s/  Norah McCann King*
Norah McCann King
United States Magistrate Judge

April 2, 2013